UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-510-F

| | | |
|---|---|---|
| MEDICAL MUTUAL INSURANCE COMPANY OF NORTH CAROLINA, Plaintiff, | ) ) ) ) | |
| vs. | ) ) ) | ORDER |
| AMERICAN CASUALTY COMPANY OF READING, PA. Defendant/Counter-Plaintiffs. | ) ) ) ) | |

This matter is before the court on the motion [DE-34] of Defendant American Casualty Company of Reading, PA for leave to file the affidavit of Dana Beal under seal, and the Supplement [DE-40] it filed in support of the motion at the direction of this court.

## I. PERTINENT PROCEDURAL HISTORY

By way of background, both parties filed motions for summary judgment in this case. In support of its motion for summary judgment, American Casualty filed the Affidavit of Dana Beal, purportedly under seal. When ruling on the cross-motions for summary, the court noted that American Casualty failed to move for leave to file the Affidavit under seal, and directed American Casualty to do so.

In its motion for leave, which was filed with the consent of Medical Mutual, American Casualty contended the Affidavit contains confidential information produced by American Casualty pursuant to a Joint Confidentiality Agreement [DE-19] entered into between the parties. In its memorandum in support of its motion for summary judgment, it more specifically stated that the Affidavit set forth the amount of indemnity and defense costs paid by American Casualty

on behalf of Nurse Smith in the underlying action entitled *Linda R. Cox, Marie R. Miller, Ellen R. Riddick, Co-Executrixes of the Estate of Elizabeth Rountree, Deceased v. Victor G. Sonnino, M.D. (aka Vittorio Guy Sonnino, M.D.), Mechell Smith, N.P.-C, Northeast Neuroscience, P.S., et al.* 06 CVS 224 (the "Rountree Action"). The amount of the settlement in the Rountree Action is subject to the confidentiality agreement entered into by the parties to that action. Although American Casualty asserted that proprietary commercial information is contained in the Affidavit, the court observed in an order filed on June 18, 2010 [DE-35] that it was not clear to the court what constituted this proprietary information. The court also observed that American Casualty had asserted only private interests in favor of sealing the Affidavit and attachment documents. The court also noted that it may be that there is a compelling government interest, but American Casualty had not articulated such an interest so that the court may weigh it against the public's First Amendment right of access–something this court is required to do pursuant to Fourth Circuit precedent.

The court therefore reserved ruling on the Motion to Seal, ad directed American Casualty to file a supplement to its motion, articulating the compelling government interest that outweighs the First Amendment right of access to the Affidavit and attached documents, and to articulate why there is no less drastic remedy than sealing the entirety of the Affidavit and attached documents.

## II. MOTION TO SEAL

Prior to sealing court documents, a district court must first determine the source of the public's right to access the documents: the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The Fourth Circuit has determined that the First

Amendment right of access attaches to documents filed in support of a summary judgment motion. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Where the First Amendment guarantees access to documents, such access "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180.

In weighing these competing interests, a court must comply with the procedure set forth by *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984). First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. *Id.* Although individual notice is not necessary, a court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.*

American Casualty now clarifies that it is not necessary to seal the Affidavit of Dana Beal, but only the exhibits attached thereto. The attachments contain billing invoices generated by American Casualty's counsel, and set forth various tasks performed by American Casualty's counsel during the course of the Rountree Action. The attachments also contain information regarding payments made by American Casualty to potential experts who were consulted during the course of the Rountree Action. The court agrees with American Casualty's assertion that under the circumstances the information revealed in the attachments constitutes privileged information. The court also agrees with American Casualty's assertion that the public interest in protecting this privilege outweighs any right of access to the documents. *Cf. Theresa Haynes v.*

3

*Sentry Corporation*, No. 5:00-CV-43-BR(2), June 13, 2001 Opinion [DE-41] ("The court deems that the public's right to access under the First Amendment does not supercede the long-established doctrine of attorney-client privilege and the need for attorneys and the courts to hold client information in strict confidence.").

The court also agrees that sealing only the attachments to the Affidavit of Dana Beal constitutes the least restrictive way of protecting the privileged information. As American Casualty itself concedes, although the Affidavit of Dana Beal contains information regarding the amounts paid for defense and indemnification in the underlying tort action, it does not contain any sensitive or confidential information regarding the work performed by American Casualty's counsel.

Accordingly, the Motion to Seal [DE-34] is ALLOWED. The Clerk of Court is DIRECTED to maintain the documents at Docket Entry 25 under SEAL. Because American Casualty concedes the actual affidavit of Dana Beal does not need to be sealed, American Casualty is DIRECTED to file a duplicate copy of the affidavit that may be maintained on the record, not under seal, within fourteen (14) days of the filing date of this order.

SO ORDERED.

This, the 14th day of July, 2010.

JAMES C. FOX
Senior United States District Judge

4

Case 5:08-cv-00510-F   Document 42   Filed 07/14/10   Page 4 of 4